**Rafael Gonzalez HIDALGO, Plaintiff–Appellant,**

v.

**PROGRESS FOUNDATION; et al., Defendants–Appellees.**

No. 03–15839.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

Rafael Gonzalez Hidalgo, San Francisco, CA, for Plaintiff-Appellant.

Michael Laurenson, Esq., Michael Bruno, Gordon & Rees LLP, San Francisco, CA, for Defendant-Appellee.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Rafael Gonzalez Hidalgo appeals pro se the district court's summary judgment in favor of his former employer and supervisors in his employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Savings Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Hidalgo's Title VII claim, holding that Hidalgo failed to file his

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

complaint within 90 days of receiving his right-to-sue letter from the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e–5(f)(1). Hidalgo failed to raise a genuine issue of material fact that he actually received the right-to-sue letter on March 16, 2002. The district court accorded proper weight to Hidalgo's statements, in both his form and typewritten complaints, and in his opposition to summary judgment, in determining that Hidalgo's complaint was untimely filed. *See Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir.1995) (holding that a district court may consider a statement in a complaint as a judicial admission, though if the party that made the admission subsequently provides explanation as to the error, the district court should accord that explanation due weight).

The district court properly held that Hidalgo's breach of contract claim was preempted by Section 301 of the Labor Management Relations Act because resolution of the claim would require reference to, and interpretation of, his collective bargaining agreement. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir.2001) (en banc).

AFFIRMED.

---

[*] This case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.